UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DARRYL ALLMOND,

        Plaintiffs,

v.                              Case No. 3:05-cv-345-J-16TEM

CORRECTIONAL MEDICAL SERVICE, et al.,

        Defendants.

_____

**ORDER OF DISMISSAL WITHOUT PREJUDICE**

    Plaintiff, a former inmate of the Pretrial Detention Facility in Jacksonville, Florida, proceeding *pro se* and *in forma pauperis*, initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 on April 21, 2005. For the reasons stated in this Order, Plaintiff's case will be dismissed without prejudice to Plaintiff's right to refile, utilizing the enclosed civil rights complaint form and following the instructions contained within the form and within this Court's Order.

    Plaintiff should review the claims to insure compliance with the requirements of 42 U.S.C. § 1983 and should allege facts showing how each named defendant violated his federal constitutional rights. For liability under 42 U.S.C. § 1983, Plaintiff must allege an affirmative causal connection between the Defendant's conduct and the constitutional deprivation. Swint v. City of Wadley, Alabama, 51 F.3d 988 (11th Cir. 1995); Tittle v.

Jefferson County Commission, 10 F.3d 1535, 1541 n.1 (11th Cir. 1994).

In the section entitled "Statement of Claim," Plaintiff must state what rights under the Constitution, laws, or treaties of the United States have been violated. It is improper for Plaintiff to merely list constitutional rights or federal rights. Plaintiff must provide support in the statement of facts for the claimed violations.

Further, in the body of the complaint in the section entitled "Statement of Facts," Plaintiff should briefly and clearly describe how each named Defendant is involved in the alleged constitutional violations. Plaintiff must provide support in the statement of facts for the claimed violations. Plaintiff should note that in civil rights cases, more than conclusory and vague allegations are required to state a cause of action under 42 U.S.C. § 1983. Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984). Therefore, Plaintiff should follow the format of the civil rights complaint form by describing how each Defendant was involved (including the names and positions of the persons involved, the dates and places, the facts and events giving rise to the claim). Finally, Plaintiff must show how he has been damaged (how he was harmed or injured by the actions and/or omissions of the Defendants). Plaintiff should not include legal arguments or citations to cases or statutes.

In Plaintiff's Complaint, he names, as the Defendants, the Correctional Medical Service, John H. Rutherford, Dr. Goodman, Dr. Agular, Mrs. Bloomquist, Mrs. Baker, John Does and Jane Does. However, Plaintiff fails to allege how each Defendant violated his federal constitutional rights. Further, while Plaintiff may disagree with many of the medical decisions made by the Defendants with respect to his complaints, it is clear that "a difference of opinion over matters of medical judgment does not give rise to a constitutional claim." Tedesco v. Johnson, 119 F.Supp.2d 1320, 1327 (M.D. Fla. 2000) (citing Massey v. Hutto, 545 F.2d 45 (8th Cir. 1976)). Finally, a complaint that a physician or medical technician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Estelle, 429 U.S. at 106. Based on the facts provided in the Complaint, it is unclear as to how each named Defendant violated his federal constitutional rights.

If Plaintiff chooses to refile, Plaintiff must write Defendants' full names in the style of the case on the first page of the civil rights complaint form and in Section V(C)-(G) of the civil rights complaint form. Finally, if Plaintiff's complaint includes, as Defendants, individuals who hold supervisory positions and/or who are not directly involved in the day to day operations of the detention facility,[1] Plaintiff should be aware that

---

[1] Plaintiff has named the John Rutherford (the Sheriff), the Correctional Medical Service and Dr. Goodman (the Director) as Defendants. The Correctional Medical Service is not a person acting

*respondeat superior* has clearly been rejected as a theory of recovery under section 1983. It is "well established in this Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003). Supervisory liability under section 1983 occurs only when "the supervisor personally participates in the alleged unconstitutional conduct or when there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation." Id. A causal connection may be established: (1) when "a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he [or she] fails to do so"; (2) when "a supervisor's custom or policy results in deliberate indifference to constitutional rights"; or (3) when "facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Id.

In accordance with the instructions to the civil rights complaint form, Plaintiff is required to submit a copy of the civil rights complaint and all exhibits for each Defendant for service of process.[2] Therefore, if Plaintiff refiles, Plaintiff must ensure

---

under color of state law.

[2] If Plaintiff chooses to refile, Plaintiff should label the exhibits in the bottom right-hand corner of the exhibit for this Court's ease in reviewing the exhibits. Further, if an exhibit pertains to a particular

that he submits a sufficient number of copies of the complaint and the exhibits for service of process upon the Defendants.

As the civil rights complaint form specifically sets forth, exhaustion is a pre-condition to suit and because the administrative grievance procedures are so important for effectively determining how the penal facility has addressed the issues presented to it, it is extremely necessary and useful for Plaintiff to comply with the procedures as set forth in the instructions to the civil rights complaint form.  Based on the exhibits, it is clear that Plaintiff initiated the grievance procedures; however, he was apparently released from incarceration on April 20, 2005, before some of the grievances were answered.  However, he may consider requesting copies of the responses to the grievances, if any, since he has stated that his grievances are still pending.  See Complaint at 4.

Finally, Plaintiff has submitted an inmate medical request form, dated April 9, 2005, that is apparently intended to be a part of Plaintiff's factual statement.  The back of the inmate medical request form has a listing of individuals that Plaintiff may have intended to name as Defendants in this action.  Further, Plaintiff has set forth a chronology of facts relating to the medical care he received from April 12, 2005, through April 19, 2005.  In refiling,

---

Defendant, Plaintiff should cite to the exhibit within the "Statement of Facts."

if Plaintiff intends to include these facts, he shall do so within Section VII. of the Complaint, entitled, "Statement of Facts."

Therefore, it is now

**ORDERED:**

1. This case is **DISMISSED WITHOUT PREJUDICE.**

2. The Clerk of Court shall enter judgment dismissing this case without prejudice.

3. The Clerk of Court shall send a "Civil Rights Complaint Form" and an "Affidavit of Indigency" form to Plaintiff Allmond. If Plaintiff elects to refile his claims in a separate action, he may complete and submit these forms.  Plaintiff should not place this case number on the forms.  The Clerk will assign a separate case number if Plaintiff elects to refile his claims.

4. In refiling the civil rights case, Plaintiff shall **either** file a fully completed "Affidavit of Indigency" (if Plaintiff desires to proceed as a pauper) **or** pay the $250.00 filing fee (if Plaintiff does not desire to proceed as a pauper).

5. **The Clerk of the Court shall close this case.**

**DONE AND ORDERED** at Jacksonville, Florida, this 27th day of April, 2005.

JOHN H. MOORE II
United States District Judge

sc 4/27
c:
Darryl Allmond